**MALLON & TRANGER**
86 Court Street
Freehold, NJ  07728
(732) 780-0230
Attorney for Plaintiff
By: Thomas J. Mallon

---

| | |
|---|---|
| **MICHAEL A. FUSCHETTO**, | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY: TRENTON |
| Plaintiff(s), | |
| v. | Civil Action No.: |
| **TOWNSHIP OF TOMS RIVER**; **MITCHELL A. LITTLE**, Chief of Police; **JOHN DOES 6-10,** Personnel of the Toms River Police Department in supervisory capacities; **OFFICER ADAM C. WORTH,** and **JOHN DOES 1-5**, members of the Toms River Police Department | **COMPLAINT** |
| Defendant(s). | |

---

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).

## PARTIES

2. Plaintiff Michael A. Fuschetto, residing at 13 Schuyler Drive, Clark, NJ 07066, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Adam C. Worth and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Toms River Police Department and at all times

herein were acting in such a capacity as the agents, servants and/or employees of the Township of Toms River and were acting under the color of law.

4. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Toms River Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the Township of Toms River and were acting under the color of law.

5. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 were acting in supervisory capacities over Defendants Adam C. Worth and John Does 1-10 and responsible by law for the training, supervision and conduct of Defendants Adam C. Worth and John Does 1-10.

6. Defendant Township of Toms River is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Township of Toms River employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Worth, Little, and/or John Does 1-10.

8. Suit is brought against all individually named Defendants in their personal and official capacities.

**FACTUAL ALLEGATIONS**

1. On June 27, 2020, Plaintiff, along with three other individuals, was riding his bicycle down Strickland Boulevard in Toms River on his way to meet with friends.

2. Plaintiff was wearing a backpack that contained a small amount of marijuana as Plaintiff is a medical marijuana patient and has a valid medical marijuana card which permits him to use the substance.

3. Defendants Adam C. Worth and/or John Does 1-5 pulled their police vehicle onto

Strickland Avenue and activated the vehicle's overhead lights after witnessing Plaintiff and the other young men riding their bicycles.

4. Plaintiff and the other individuals on bicycles were riding on the shoulder of the road while the Defendants Adam C. Worth and/or John Does 1-5 drove the police vehicle down the center of Strickland Boulevard.

5. Defendants Adam C. Worth and/or John Does 1-5 spoke over the vehicles loudspeaker and said, "You better stop that bike."

6. Less than two seconds later, Defendants Adam C. Worth and/or John Does 1-5 once again spoke over the vehicle's loudspeaker and said, "Dammit stop the bike or I am going to knock you off of it."

7. Less than three seconds later, Defendants Adam C. Worth and/or John Does 1-5 abruptly sped up and turned the police vehicle toward Plaintiff and struck Plaintiff with the vehicle.

8. The collision knocked Plaintiff off of his bicycle and while he was on the ground, Defendants Adam C. Worth and/or John Does 1-5 immediately placed Plaintiff under arrest and refused to provide any explanation.

9. Defendants Adam C. Worth and/or John Does 1-5 then placed Plaintiff in the back of the police vehicle and searched his backpack.

10. Defendants Adam C. Worth and/or John Does 1-5 claimed that Plaintiff and the other bicyclists were yelling at civilian vehicles and slowing traffic by riding in the middle of the street, which prompted vehicles to beep their horns at them. However, the video footage does not show any yelling nor does it show the bicyclists in the middle of the road or any horns being used by civilian vehicles.

11. Defendants Adam C. Worth and/or John Does 1-5 also claimed that Plaintiff was arrested for failing to adhere to their instructions to pull over. Defendants Adam C. Worth and/or John Does 1-5 falsely claimed that he followed Plaintiff for over a block and a half, and that Plaintiff looked Defendants Adam C. Worth and/or John Does 1-5 in the eyes and refused to pull over.

12. However, video footage clearly shows that Defendants Adam C. Worth and/or John Does 1-5 were following Plaintiff for approximately five to six seconds before using the police vehicle to ram into Plaintiff.

13. All of Plaintiff's criminal charges arising out of this incident were dismissed.

## SECTION 1983 EXCESSIVE FORCE
## COUNT ONE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced excessive and unreasonable force used on or by Plaintiff's person by Defendants Adam C. Worth and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the excessive and unreasonable force used on Plaintiff's person by Defendants Adam C. Worth and/or John Does 1-5 as set forth above, Plaintiff suffered bodily injuries; emotional distress; medical expenses; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive

damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## SECTION 1983 FAILURE TO INTERVENE
## COUNT TWO

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Adam C. Worth and/or John Does 1-5 were Toms River Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Adam C. Worth and/or John Does 1-5 had a duty to intervene in the unjustified assault of Plaintiff by Defendants Adam C. Worth and/or John Does 1-5.

4. The excessive and unreasonable use of force on Plaintiff by Defendants Adam C. Worth and/or John Does 1-5 deprived Plaintiff of his right to be secure against unreasonable seizure in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Adam C. Worth and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified assault of Plaintiff by Defendants Adam C. Worth and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of Defendants Adam C. Worth and/or John Does 1-5's failure to intervene, Plaintiff suffered physical injury; emotional distress; lost wages, and medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive

damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## SECTION 1983 SUPERVISORY LIABILITY
## COUNT THREE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Adam C. Worth and/or John Does 1-5 from violating the constitutional rights of citizens and/or arrestees.

4. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 either directed Defendants Adam C. Worth and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinates violations.

5. As a direct and proximate result of the acts of Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury; emotional distress; lost wages, and medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Michael Fuschetto demands judgment against Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY/INADEQUATE TRAINING
## COUNT FOUR

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Township of Toms River, Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Toms River Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Michael Fuschetto was assaulted.

3. At all times mentioned herein, Defendants Adam C. Worth and/or John Does 1-5, as police officers, agents, servants and/or employees of Defendant Township of Toms River, were acting under the direction and control of Defendants Township of Toms River, Chief of Police Mitchell A. Little, and/or John Does 6-10, and were acting pursuant to official policy, practice or custom of the Defendant Township of Toms River.

4. Acting under color of law pursuant to official policy, practice and/or custom, Defendants Township of Toms River, Little, and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train; instruct; supervise; control, and discipline on a continuing basis Defendants Adam C. Worth and/or John Does 1-5 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding an/or

mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5. Acting under color of law pursuant to official policy practice and/or custom, Defendants Township of Toms River, Little, and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Township of Toms River, Little, and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances of patters of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

6. Defendants Chief of Police Mitchell A. Little and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Toms River Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Defendants Township of Toms River, Mitchell A. Little, and/or John Does 6-10 were aware of numerous similar police citizen encounters involving and/or Internal Affairs complaints filed against Defendants Adam C. Worth and John Does 1-5 and/or other Toms River Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests; mishandled and/or withheld evidence, and/or used unreasonable and excessive force on citizens/arrestees.

8. Despite their awareness, Defendants Township of Toms River, Little and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Adam C. Worth and John Does 1-5, and/or other Toms River Police Officers.

9. Defendants Township of Toms River, Little, and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct; train; supervise, control and discipline Defendants Worth and/or John Does 1-5 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

10. Defendants Township of Toms River, Little, and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

11. Defendants Township of Toms River, Little, and/or John Does 6-10, directly or indirectly, under color of state laws, approved or ratified the unlawful; deliberate; malicious, reckless and wanton conduct of Defendants Adam C. Worth and John Does 1-5 heretofore described.

12. As a direct and proximate result of the acts of Defendants Township of Toms River, Little, and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury; emotional distress; lost wages, and medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Michael Fuschetto demands judgment against Defendants Township of Toms River, Chief of Police Mitchell A. Little and/or John Does 6-10 on this count

together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

### SECTION 1983 FALSE ARREST / IMPRISONMENT
### COUNT FIVE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Adam C. Worth and John Does 1-5 in arresting and/or imprisoning Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, protected by 42 U.S.C. Section 1983.

4. By reason of the above, Plaintiff was greatly injured, suffered great mental anguish preventing him from attending to his normal course of affairs and was deprived of his constitutional rights as described above.

5. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily and emotional injuries; incurred expenses to defend the false criminal charges brought against him; medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## SECTION 1983 MALICIOUS PROSECUTION
## COUNT SIX

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Adam C. Worth and John Does 1-5 initiated criminal process against Plaintiff with malice to create a subterfuge protecting themselves from criminal and civil liability and justifying the injuries they caused Plaintiff to suffer.

3. The charges were not based upon probable cause, that is, Defendants Adam C. Worth and John Does 1-5 knew initiation of criminal proceedings against Plaintiff would serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on June 27, 2020 in assaulting, battering, and falsely arresting Plaintiff.

4. The criminal proceedings maliciously initiated by said Defendants terminated in Plaintiff's favor.

5. As a direct and proximate cause of the actions initiated by Defendants Adam C. Worth and John Does 1-5, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

6. Plaintiff suffered physical injury; incurred expenses to defend the false criminal charges brought against him; medical expenses, and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Michael Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)
## COUNT SEVEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive forced used and failure to intervene by Defendants Adam C. Worth and John Does 1-5, set forth at length above, deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty by the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et seq ("The New Jersey Civil Rights Act").

3. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of his constitutional rights; sustained bodily and emotional injuries; medical expenses; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## ASSAULT AND BATTERY
## COUNT EIGHT

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Adam C. Worth and/or John Does 1-5 were acting within the scope of their employment as Toms River Police Officers.

3. Defendants Adam C. Worth and/or John Does 1-5 committed an assault and battery on Plaintiff by using excessive and unreasonable force on his person without justification and/or

putting him in reasonable apprehension of serious and imminent harm.

4. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey.

5. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained bodily and emotional injuries; medical expenses; lost wages, and will suffer additional special damages n the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth, Township of Toms River, and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## NEGLIGENCE
## COUNT NINE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Adam C. Worth and/or John Does 1-5 were acting within the scope of their employment as Toms River police officers.

3. Defendants Adam C. Worth and/or John Does 1-5 had a duty to Plaintiff to not expose him to an unreasonable risk of injury.

4. Through the acts and omissions set forth at length above, Defendants Adam C. Worth and/or John Does 1-5 breached that duty.

5. The acts and omissions of the Defendants were in violation of the common law of the State of New Jersey.

6. As a direct and proximate result of their breach of duty to Plaintiff, he sustained bodily and emotional injuries; medical expenses; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth, Township of Toms River, and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

### FALSE ARREST / IMPRISONMENT
### COUNT TEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times material and relevant herein, Defendants Adam C. Worth and/or John Does 1-5 were acting within the scope of their authority as police officers of the Defendant Toms River Township.

3. Defendants Adam C. Worth and/or John Does 1-5 intentionally, recklessly, and/or negligently and without a reasonable legal or factual basis made a warrantless arrest of Plaintiff, and/or restrained Plaintiff's freedom of movement for an unreasonable period of time thereafter, contrary to the common laws of the State of New Jersey.

4. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

5. As a result of said false arrest/imprisonment, Plaintiff sustained significant and permanent physical and emotional injury; incurred expenses to defend the false criminal charges brought against him; medical expenses and pain and suffering and will continue to incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## MALICIOUS PROSECUTION
## COUNT ELEVEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Adam C. Worth and/or John Does 1-5 maliciously and unlawfully initiate a criminal process against Plaintiff as a pretext to protecting themselves from criminal and civil liability and/or justifying the injuries they caused Plaintiff to suffer.

3. The charges brought by said Defendants against Plaintiff were without legal or factual justification and were not based upon probable cause.

4. The criminal proceedings initiated by Defendants terminated in Plaintiff's favor.

5. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

6. Defendants' actions were contrary to the common law of the State of New Jersey.

7. As a result of the willful, wanton, and/or intentional acts set forth above, Plaintiff sustained various physical and emotional injuries, medical expenses, expenditures to defend maliciously initiated criminal proceedings, and pain and suffering, and will incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Michael A. Fuschetto demands judgment against Defendants Adam C. Worth and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the

court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Date: June 17, 2021                               */s/ Thomas J. Mallon, Esquire*
                                                  THOMAS J. MALLON, ESQUIRE